F: ☐ ☐
IN CLE...
US DISTRIC...

★ NOV 3 0 2012

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SERGIO CRUZ, I.C., JR., an infant, by his father,
IVAN CRUZ, SR., HORTENCIA CRUZ, AND
ROSA BORRERO,

Plaintiffs,

-against-

THE CITY OF NEW YORK, N.Y.C. POLICE
OFFICER HAROLD AVALOS, SHIELD #15321,
RAMON CABRAL, VICTOR FALCON, NELSON
SOTO, CHRIS FRISCHIA, TIMOTHY WILSON &
XIANG LI, EACH SUED INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY,

Defendants.
------------------------------------------------------------x

**STIPULATION OF
SETTLEMENT AND ORDER OF
DISMISSAL**

10 Civ. 5961 (WFK)(LB)

WHEREAS, plaintiffs commenced this action by filing a complaint on or about

December 22, 2010, alleging that the defendants violated plaintiffs' federal civil and state

common law rights; and

WHEREAS, defendants City of New York ("City"), Officer Ramon Cabral,

Officer Victor Falcon, Officer Nelson Soto, Officer Harold Avalos, Sergeant Xiang Li and

Lieutenant Timothy Wilson have denied any and all liability arising out of plaintiffs' allegations;

and

WHEREAS, the parties now desire to resolve the issues raised in this litigation,

without further proceedings and without admitting any fault or liability; and

WHEREAS, plaintiffs have authorized their counsel to settle this matter on the

terms set forth below; and

WHEREAS, plaintiff I.C., Jr. is an infant who brings this lawsuit by their father and natural guardian, Ivan Cruz, Sr.; and

WHEREAS, on or about ___November 16, 2012___, this Court approved plaintiffs' motion for an infant compromise;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Ivan Cruz, Sr., as father and natural guardian of I.C. Jr. the sum of Forty-~~Two~~ **Five** Thousand Nine-Hundred (~~$42,900.00~~ **45,900.00**) Dollars; plaintiff Sergio Cruz the sum of Twenty-Two Thousand Five-Hundred ($22,500.00) Dollars; plaintiff Hortencia Cruz the sum of Eighteen Thousand Three-Hundred ($18,300.00) Dollars and plaintiff Rosa Borrero the sum of Eighteen Thousand Three-Hundred ($18,300.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of these sums, plaintiffs agree to dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiffs' civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiffs each shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a

General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4.     Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5.     Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6.     Plaintiffs agree to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7.     This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject

3

matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary

the terms and conditions contained herein.

Dated:  New York, New York
       November 26 , 2012

STEVEN A. HOFFNER                          MICHAEL A. CARDOZO
*Attorney for Plaintiffs*                   Corporation Counsel of the
325 Broadway, Suite #505                      City of New York
New York, NY 10007                         *Attorney for Defendants*
(212) 941-8330                             100 Church Street
                                           New York, NY 10007
                                           (212) 788-1336


By: _____               By: _____
    Steven A. Hoffner                           Steven M. Silverberg
    *Attorney for Plaintiffs*                    *Assistant Corporation Counsel*


                                           SO ORDERED:
                                           as amended by ECF document 59


Dated: Brooklyn, New York                  HON. LOIS BLOOM
       11|29       , 2012                   UNITED STATES MAGISTRATE JUDGE


4